IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DORIS BOWLES, et al.,

          Plaintiffs,

v.                                             CIVIL ACTION NO. 2:09-cv-00922

JPMORGAN CHASE BANK, N.A.,

          Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of defendant JPMorgan Chase Bank, N.A. ("JPMorgan") to reinstate this case and to enforce the settlement. The question presented is whether or not the court should reinstate the case to enforce the settlement. Because the court concludes that it does not have jurisdiction to enforce the settlement, the defendant's motion is **DENIED**.

After being advised that a settlement between the parties had been reached, this court entered an order retiring this action from the active docket on March 7, 2011. In that order, the court specified that the parties could submit an agreed dismissal order within thirty days; otherwise, the case would be dismissed without prejudice. The court also specified that the case could be reinstated for good cause within thirty days of the entry of the order. The court did not retain jurisdiction to enforce any settlement between the parties. The parties, however, did not submit an agreed dismissal order. On August 26, 2011, the defendants filed the instant motion.

"Enforcement of [a] settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins., Co of America*, 511 U.S. 375, 377 (1994). Enforcement of a settlement is essentially an action for breach of contract where the consideration was dismissal of the earlier lawsuit. *See id.* at 381. "If the parties wish to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so." *Id.* "Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis of federal jurisdiction." *Id.* at 382; *see also Columbus-America Discovery Grp. v. Atlantic Mutual Ins. Co.*, 203 F.3d 291, 299 (4th Cir. 2000).

Here, the action was dismissed without prejudice without the court specifically retaining the power to enforce the action. The parties have not stated an alternative basis of jurisdiction. Accordingly, the court does not have jurisdiction to enforce the settlement, and the defendant's motion to reinstate the case and to enforce the settlement is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   August 29, 2011

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE